# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THEODORE NOVAK,

     *Plaintiff*,

*v.*

PRISON HEALTH SERVICES, INC.;
CORIZON, PHS; DOCTOR MILES;
DOCTOR VERMURI; RICHARD
RUSSELL; ALFRED JONES;
JOHN DOE; JOSHUA SCHAD;
DEBRA SCUTT;

     *Defendants*.

_____/

CASE NO. 13-CV-11065

DISTRICT JUDGE GERSHWIN A. DRAIN
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS JONES, RUSSELL, SCHAD, & SCUTT'S AMENDED MOTION FOR SUMMARY JUDGMENT
(Doc. 27)
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 29)
## AND DEFENDANT PRISON HEALTH SERVICES/ CORIZON'S MOTION TO DISMISS
(Doc. 35)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motions be

**GRANTED** and Plaintiff's motion be **DENIED**.


## II.   REPORT

### A.   Introduction

Plaintiff Theodore Novak, who was paroled in April 2013, filed this *pro se* prisoner civil

rights action under 42 U.S.C. § 1983 on March 8, 2013. Plaintiff alleges that his rights were

violated while he was incarcerated at the Michigan Department of Correction's ("MDOC") G. Robert Cotton Correctional Facility. On March 14, 2013, Plaintiff's motion to proceed without prepayment of fees and costs was granted by U.S. Magistrate Judge R. Steven Whalen. (Doc. 3.) On May 30, 2013, U.S. District Judge Patrick J. Duggan entered an order dismissing the MDOC as a defendant and directing service on the remaining defendants. (Doc. 7.) All pretrial matters were referred to the undersigned magistrate judge on July 17, 2013. (Doc. 19.)

On August 9, 2013, Defendants Alfred Jones, Richard Russell, Joshua Schad, and Debra Scutt (the "MDOC defendants") filed a motion for summary judgment (Doc. 25),[1] which was amended on August 12, 2013. (Doc. 27.) On September 19, 2013, Plaintiff responded in opposition to the motion by filing his own motion for summary judgment. (Doc. 29.) Defendants filed responses. (Doc. 32, 34.) On October 8, 2013, Defendant Prison Health Services ("PHS"), now known as Corizon Health, Inc. (hereafter "Corizon") filed a motion to dismiss (Doc. 35), to which Plaintiff responded (Doc. 38, 39) and Corizon replied. (Doc. 41.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motions are ready for report and recommendation without oral argument.

**B.     The Complaint**

In his complaint, Plaintiff contends that he was "denied service, delayed service, and held up for over a year to finally determine the severity of his medical problem as it pertains to his shoulder." (Doc. 1 at Pg ID 16.) Plaintiff alleges that the MDOC "operates in commerce" by contracting with Corizon Health to provide inmates with health care, and therefore the denial of necessary health care to a prisoner amounts to a "scheme or artifice to defraud" in violation of 18 U.S.C. § 1346, for which the MDOC has no immunity. (*Id*. at Pg ID 16.)

---

[1]In light of the amendment to this motion, I suggest that the original motion (Doc. 25) be terminated on the docket.

Plaintiff also asserts that the MDOC is a state-created corporation that is responsible for the actions of its employees and liable for "misrepresentation and fraud in connection with its relationship with PRISON HEALTH CARE SERVICES, INC., now Corizon." (*Id.* at Pg ID 20.) Plaintiff

> alleges that the Contract between PHS and MDOC has been breached severely, which affected directly the Plaintiff's health, mental health by serious stress trying to obtain help/assistance in a meaningful manner and in a meaningful time, which was seriously breached.

(*Id.* at Pg ID 23.) Plaintiff claims that this breach of contract was the proximate cause of his injuries. (*Id. See also* Pg ID 29.)

Plaintiff also alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*Id.* at Pg ID 26-27.) He asserts that "[p]ain can be a serious medical need for purposes of deliberate indifference claims." (*Id.* at Pg ID 26.)

More specifically, Plaintiff alleges that Defendant Dr. Vemuri "denied medication for an ongoing chronic pain problem for degenerate spinal problems on or about 6/23/2009 and 7/30/2009 and denied proper medical procedure in the process." (*Id.* at Pg ID 28.)

In the section of the complaint entitled "Denial of Proper MRI to Determine Cause of Injury," Plaintiff alleges that a radiology report dated March 11, 2011, interpreting a series of shoulder x-rays ordered by Dr. Miles, shows that Plaintiff had "A PROBLEM that need[ed] to be addressed," but the "MDOC and Corizon staff ignored the complaint as did the REGIONAL HEALTH CARE ADMINISTRATOR a division of BUREAU OF HEALTH CARE SERVICES." (*Id.* at Pg ID 30.) The radiologist's report states:

> No acute findings are identified at the acromioclavicular joint to represent an AC joint separation. Arthritic changes are seen at the acromioclavicular joint and also

3

of the greater tuberosity. Suggestion of calcified tendinitis of the subscapularis
versus old trauma near the coracoid process.

(*Id*. at Pg ID 74.)

Plaintiff points to several grievances he filed in 2011 and 2012, and contends that they

demonstrate that, after experiencing shoulder pain for "no less than Two Years, . . . still, [he

received] no meaningful Health Care Treatment that is beneficial." (*Id*. at Pg ID 31.) He thus

asserts that Defendant Joshua Schad, who was the Step III grievance respondent for several of

these grievances, is liable "in tort" as well as under 42 U.S.C. § 1983 "for constant denial and

depravation [sic] of rights to be treated and to exist in prison without pain." (*Id*. at Pg ID 31.)

Plaintiff alleges that Defendant Richard Russell, the manager of the MDOC's grievance

section of the office of legal affairs, is liable because he "should have investigated more efficiently

this Health Care depravation [sic], which shows consistent and callous indifference to Human

Suffering." (*Id*. at Pg ID 31.)

Plaintiff alleges that it is the job of Defendant Debra Scutt, the warden of the facility, to

"make sure medical patients receive quality care consistent with that care as if in the community."

(*Id*. at Pg ID 32.) He claims that the warden "knew at all times" that Plaintiff "was being

maltreated and failed to act under the guise to save money for the department . . . ," which caused

him serious emotional distress, "long suffering pain needlessly, and caused the general health of

[Plaintiff] to deteriorate." (*Id*. at Pg ID 33.) Plaintiff contends that Defendant Warden Scutt is

therefore "liable in the sum certain amount of $10,000,000.00 Ten Million Dollars." (*Id*.)

Plaintiff claims that Defendant Dr. Miles "did not order recommended MRI as indicated

prior to my incarceration, nor did [he] follow up on anything as is his job duty, thereby causing to

be invalid the contract between Health Services and Corizon." (*Id*. at Pg ID 34.) Plaintiff alleges

that Dr. Miles "was deliberately indifferent to [Plaintiff's] pain and suffering and is liable because he was kited no less than a dozen times, was told of the pain in [Plaintiff's] shoulder, and promised to make appointments, and submit a request to the Medical Provider (CORIZON), and failed in his fiduciary capacity and duty to act as a doctor." (*Id.*) Plaintiff claims that Defendant Miles is "liable in damages to the Plaintiff in the amount sum certain of $10,000,000.00." (*Id.*)

Plaintiff also claims that Prison Health Services, Inc., now Corizon, is "liable for injury and damages for deprevation [sic] of rights and negligence, which may include misrepresentation and fraud." (*Id.* at Pg ID 36.) Plaintiff also claims that, as a corporation, Corizon "is liable for the collective knowledge of all employees and agents within (and acting on behalf of) the corporation," as well as for "the acts of its officers." (*Id.*) More specifically, Plaintiff alleges that "[b]y denying MRI for a shoulder injury (prior) to prison, for an updated evaluation, PHS/CORIZON have ignored a substantial right of the Plaintiff to be properly diagnosed and treated," which "violates the 8th Amendment of the national constitution, whereby [Plaintiff] has a constitutionally protected right to be free from pain and suffering, including back pain." (*Id.* at Pg ID 37.) Plaintiff asserts that Defendant Corizon also violated his due process rights by denying his health care needs that were recommended by Plaintiff's "outside care physician," who provided "records of older MRI's . . . ." (*Id.*) Plaintiff seeks one hundred million dollars from Corizon "in their official capacity for the collective actions of its-their employees" and twenty-five million dollars for Corizon's "failure to treat a known medical need perpetually." (*Id.*)

## C.    Motion Standards

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more

than the bare assertion of legal conclusions. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Keys v. Humana, Inc*., 684 F.3d 605, 608 (6th Cir. 2012) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal quotation marks omitted). "A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore *et al*., Moore's Fed. Practice ¶ 12.34 (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Rule 56.

A motion for summary judgment will be granted under Rule 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary

judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**D.     The MDOC Defendants' Motion for Summary Judgment** (Doc. 27)

**1.     Official Capacity Claims**

I first suggest that the MDOC defendants are entitled to summary judgment on the claims brought against them in their official capacities because they are barred by Eleventh Amendment immunity. A lawsuit "against a governmental officer 'in his official capacity' is the same as a suit against the entity of which the officer is an agent." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (internal quotations and citations omitted). Therefore, suing these MDOC employees in their official capacities is the same as suing the State of Michigan.

The law is clear, however, that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute or expressly in § 1983, *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the claims against the MDOC defendants in their official capacities are barred by Eleventh Amendment immunity.

## 2.    Personal Capacity Claims

Defendants Scutt, Russell, Jones and Schad assert that all claims against them in their personal capacities are subject to dismissal because Plaintiff has failed to allege sufficient personal involvement to establish liability under 42 U.S.C. § 1983. (Doc. 27 at Pg ID 227.)

In a civil rights suit, each individual defendant can only be held accountable for his or her own actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) ("Each defendant's liability must be assessed individually based on his own actions.")

In this case, the complaint alleges that Defendant Schad, whose only role was as the Step III grievance respondent for several of Plaintiff's grievances, is liable "in tort" as well as under 42 U.S.C. § 1983 "for constant denial and depreviation [sic] of rights to be treated and to exist in prison without pain." (Doc. 1 at Pg ID 31.) Plaintiff alleges that Defendant Russell, the manager of the MDOC's grievance section of the office of legal affairs, is liable because he "should have investigated more efficiently" Plaintiff's claims that he was not receiving adequate health care. (*Id.*) With regard to Defendant Warden Scutt, Plaintiff alleges her job is to "make sure medical patients receive quality care consistent with that care as if in the community." (*Id.* at Pg ID 32.) He claims that the warden "knew at all times" that Plaintiff "was being maltreated and failed to act . . . ," thereby violating Plaintiff's rights. (*Id.* at Pg ID 33.) Defendant Jones is listed as a defendant, but the complaint does not attribute any specific conduct to him.

I suggest that Defendants Scutt, Russell, Jones and Schad are entitled to summary judgment because Plaintiff has failed to allege any conduct by these defendants that rises to the level necessary to state a civil rights claim. The Supreme Court has held that plaintiffs must allege that

they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). Furthermore, to state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A claimed constitutional violation must be based upon active unconstitutional behavior, *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002), and the mere denial of a prisoner's grievance states no claim of constitutional dimension. *Alder v. Correctional Med. Services*, 73 F. App'x 839, 841 (6th Cir. 2003).

Here, where Plaintiff's claims are that these defendants either denied his grievances or failed to act, I suggest that Plaintiff's allegations fail to rise to the requisite level and therefore suggest that Defendants' motion for summary judgment be granted and that the MDOC Defendants be dismissed from the case.

### E.     Defendant Corizon's Motion to Dismiss (Doc. 35)

### 1.     Breach of Contract

Plaintiff alleges in his complaint that "the Contract between [Corizon] and MDOC has been breached severely, which affected directly the Plaintiff's health, mental health by serious stress trying to obtain help/assistance in a meaningful manner and in a meaningful time, which was seriously breached." (Doc. 1 at Pg ID 23.) Defendant Corizon moves for dismissal of this claim, arguing that Plaintiff has no standing to bring a breach-of-contract claim when he was not a party

to the contract in question and the contract specifically disclaims all third-party beneficiary rights. (Doc. 35 at Pg ID 491.) Defendant Corizon has provided documentation demonstrating that the contract specifically states that "[n]othing in this Contract will be construed as creating or giving rise to any rights in any third parties or any persons other than the parties herein." (Doc. 35 at Ex. A.)

Michigan law provides that third-party beneficiary status "requires an express promise to act to the benefit of the third party; where no such promise exists, that third party cannot maintain an action for breach of the contract." *Dynamic Construction Co. v. Barton Malow Co.*, 214 Mich. App. 425, 428, 543 N.W.2d 31 (1995). In this case, where no express promise to act to the benefit of a third party was made, but rather an express statement to the contrary was included in the contract, I suggest that Plaintiff has no standing to sue for breach of contract and that Defendant Corizon's motion should be granted with respect to this claim.

### 2. Fraud

A claim of fraud requires the plaintiff to prove: (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intent that the plaintiff rely upon it; (5) that plaintiff relied upon it; and (6) that the plaintiff suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). When filing an action in federal court, the procedural rules require that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This means that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers & Hod Carriers Pension &*

*Welfare Fund v. Omnicare, Inc*., 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotations and citation omitted). In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotations and citations omitted).

Defendant Corizon asserts that Plaintiff has failed to state a claim for fraud because Plaintiff has not pleaded the claim with specificity as required. (Doc. 35 at Pg ID 497-98.) I suggest that Defendant Corizon is correct. In this case, the complaint alleges that Corizon is "liable for injury and damages for deprevation [sic] of rights and negligence, which may include misrepresentation and fraud." (Doc. 1 at Pg ID 36.) Plaintiff has alleged no specific misrepresentation on which he relied to his detriment. Moreover, to the extent Plaintiff's fraud allegation rests upon representations made by Corizon in its contract with the MDOC, I suggest that his claim fails for the reasons stated in the previous section. Thus, I suggest that Defendant Corizon's motion to dismiss the fraud claim be granted.

### 3.    Deliberate Indifference Claim Under 42 U.S.C. § 1983

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the U.S. Constitution. However, a private corporation cannot be held liable for deliberate indifference on the basis of *respondeat superior* or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Rather, a plaintiff must establish that a policy or custom of the corporation caused the constitutional violation. *Ford v. County of*

*Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008); *Starcher v. Correctional Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

In this case, Plaintiff alleges that Dr. Vemuri and Dr. Miles, both of whom were employees of Corizon, were deliberately indifferent to his serious medical needs when they denied him an MRI and sufficient pain medication and contends that Defendant Corizon "is liable for the collective knowledge of all employees and agents within (and acting on behalf of) the corporation," as well as for "the acts of its officers." (Doc. 1 at Pg ID 36.)

Defendant Corizon moves for dismissal on the grounds that Plaintiff is attempting to hold Corizon liable for the actions of its employees rather than pointing to any alleged unconstitutional Corizon policy or custom. (Doc. 35 at Pg ID 498-99.) I suggest that Defendant Corizon is correct. Construing the complaint in the light most favorable to Plaintiff, there is no allegation that Corizon had a policy, custom or practice that violated prisoners' Eighth Amendment rights. Instead, the complaint alleges that two specific doctors denied certain treatments and medication for Plaintiff's shoulder injury. For example, the complaint specifically alleges that Dr. Miles "did not order recommended MRI . . . ." (Doc. 1 at Pg ID 34.) Plaintiff speculates that Dr. Miles refused to order the MRI because "[a]s long as they continually denied an MRI, they can always say they were blind to the fact [my rotator cuff] was torn," (Pl.'s Resp., Doc. 39 at Pg ID 552), but I suggest that this speculation about Dr. Miles's motive falls short of pointing to an unconstitutional Corizon policy or custom that caused Plaintiff injury. Accordingly, I suggest that Defendant Corizon's motion to dismiss should be granted.

### F.    Plaintiff's Motion for Summary Judgment (Doc. 29)

In light of my recommendation above that Defendants Jones, Russell, Schad, Scutt, and Corizon are entitled to dismissal or summary judgment, it necessarily follows that I suggest

Plaintiff's motion for summary judgment be denied with prejudice with regard to the claims brought against these defendants.

With regard to the two un-served defendants, Dr. Miles and Dr. Vemuri, I suggest that Plaintiff's motion for summary judgment be denied without prejudice, as these defendants have not yet had an opportunity to respond to Plaintiff's complaint.[2]

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

---

[2]I note that Plaintiff provided the Court with new addresses for Dr. Miles and Dr. Vemuri on December 3, 2013, (Doc. 42), and that a second attempt to serve these defendants is underway.

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.


                                        s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
                                        CHARLES E. BINDER
Dated: December 9, 2013                 United States Magistrate Judge


## CERTIFICATION

        I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Kimberley Koester, Robert Jenkins, and Ronald Chapman; served by first class mail on Theodore H. Novak, 605 N. Saginaw St., Ste. #2, Flint, MI, 48502; and served on District Judge Duggan in the traditional manner.

Date:  December 9, 2013          By      s/ *Jean L. Broucek*
                                 Case Manager to Magistrate Judge Binder