UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE NOVAK,

                    Plaintiff,                  Case No. 13-cv-11065

v.                                             Honorable Patrick J. Duggan

PRISON HEALTH SERVICES,                        Magistrate Judge Charles E. Binder
INC., CORIZON, PHS, DOCTOR
MILES, DOCTOR VEMURI,
RICHARD RUSSELL, ALFRED
JONES, JOHN DOE, JOSHUA
SCHAD, and DEBRA SCUTT,

                    Defendants.
_____/

## OPINION AND ORDER (1) ADOPTING REPORT AND RECOMMENDATION IN PART (2) GRANTING THE MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, (3) GRANTING CORIZON'S MOTION TO DISMISS, (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (5) GRANTING DR. MILES'S MOTION TO DISMISS, AND (6) GRANTING DR. VERMURI'S MOTION TO DISMISS

On March 8, 2013, Plaintiff Theodore Novak, who was paroled in April of

2013, instituted this *pro se* civil rights action pursuant to 28 U.S.C. § 1983 by

filing a complaint with this Court.  (ECF No. 1.)  In his Complaint, Plaintiff seeks

to state a claim of deliberate indifference to his serious medical needs in violation

of the Eighth Amendment to the United States Constitution.  The Complaint also

contains various state-law tort claims.  At all times relevant to the allegations

contained in Plaintiff's Complaint, Plaintiff was in the custody of the Michigan Department of Corrections ("MDOC") and housed at the G. Robert Cotton Correctional Facility located in Jackson, Michigan.  The following parties are named as defendants: Prison Health Services ("PHS"), now known as Corizon Health, Inc. (hereinafter "Corizon"); Dr. Miles; Dr. Vemuri; Richard Russell; Alfred Jones; John Doe; Joshua Schad; and Debra Scutt.[1]  Plaintiff has named each defendant in both their official and individual capacities.  (ECF No. 1 at 8-9.)

This prisoner's civil rights case is before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation ("R&R"), Plaintiff's objections to that R&R, and two dispositive motions that have been filed since the issuance of the R&R.  Upon carefully reviewing both the R&R and Plaintiff's objections, the Court adopts the R&R in part.  For the reasons stated herein, the Court denies Plaintiff's Motion for Summary Judgment and grants the MDOC Defendant's Motion for Summary Judgment, Corizon's Motion to Dismiss, Dr. Miles's Motion to Dismiss, and Dr. Vemuri's Motion to Dismiss.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

---

[1] The Michigan Department of Corrections ("MDOC") was also initially named as a defendant.  On May 30, 2013, this Court conducted an initial review of Plaintiff's Complaint, determined that the MDOC was entitled to sovereign immunity by virtue of the Eleventh Amendment, and therefore summarily dismissed Plaintiff's claims against the MDOC.  (ECF No. 7.)

## A.   The Complaint [2]

Plaintiff, filing suit under 42 U.S.C. § 1983, contends that the named defendants displayed deliberate indifference towards his serious medical needs in violation of the Eighth Amendment.  Plaintiff also alleges various state law claims, specifically, "the torts of negligence, misrepresentation and fraud concerning contractual agreements to treat inmates[.]"  (ECF No. 1 at 6.)  The basis of these allegations are Plaintiff's contentions that he was "denied service, delayed service, and held up for over a year to finally determine the severity of his medical problem as it pertains to his shoulder."  (*Id.* at 16.)  With respect to the misrepresentation and fraud allegations, Plaintiff references a "Contract between PHS[, now Corizon,] and MDOC" that "has been breached severely, which affected Plaintiff's health[.]"  (*Id.* at 23.)

## B.   Post-Complaint Procedural Matters

On July 17, 2013, the Court referred the lawsuit to Magistrate Judge Binder for all pretrial matters, proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 19.)  On August 9, 2013, Defendants Jones, Russell, Schad, and Scutt

---

[2] Magistrate Judge Binder's R&R describes the factual allegations in Plaintiff's Complaint with great detail and the Court incorporates those facts herein.

(collectively, the "MDOC Defendants") filed a motion for summary judgment

pursuant to Federal Rule of Civil Procedure 56 (ECF No. 25), which was amended

on August 12, 2013, (ECF No. 27).[3]  On September 19, 2013, Plaintiff filed his

own summary judgment motion.  (ECF No. 29.)  Plaintiff subsequently responded

in opposition to the MDOC Defendants' Motion.  (ECF No. 38.)  The MDOC

Defendants and Corizon both filed responses to Plaintiff's Motion.  (ECF Nos. 32,

34.)  On the same day that it filed a response to Plaintiff's Motion, Corizon filed a

motion to dismiss (ECF No. 35), to which Plaintiff responded (ECF No. 39), and

Corizon replied (ECF No. 41).

## C.    The R&R

On December 9, 2013, Magistrate Judge Binder issued an R&R addressing

(1) the MDOC Defendants' Motion for Summary Judgment, (2) Plaintiff's Motion

for Summary Judgment, and (3) Corizon's Motion to Dismiss.  After thoroughly

analyzing each of Plaintiff's claims, Magistrate Judge Binder recommends that this

Court grant both the MDOC Defendants' and Corizon's motions and deny

Plaintiff's Motion for Summary Judgment with prejudice with regard to the claims

brought against these defendants.  (R&R 13-14.)  With respect to Dr. Miles and Dr.

Vemuri, who had not been served at the time the R&R was issued, Magistrate

Judge Binder recommends that Plaintiff's Motion for Summary Judgment be

_____

[3] Because the initial motion for summary judgment was amended, the Court
terminates the original motion.

4

denied without prejudice.  Subsequent to the issuance of the R&R, however,

Defendants Dr. Miles and Dr. Vemuri were served and each filed separate motions

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF Nos. 49,

52.)  Plaintiff did not respond to either motion.  At the conclusion of the R&R,

Magistrate Judge Binder advises the parties that they may object to and seek

review of the R&R within fourteen (14) days of service upon them.  (*Id.* at 13.)

The R&R also advises the parties that the "[f]ailure to file specific objections

constitutes a waiver of any further right of appeal.  (*Id.* at 14 (citations omitted).

Plaintiff filed timely objections to the R&R on December 19, 2013.  (ECF No. 47.)

Defendant Corizon responded on December 31, 2013.  (ECF No. 50.)

## II.   REVIEW OF R&R AND PLAINTIFF'S OBJECTIONS

## A.   Standard of Review

A party may object to a magistrate judge's non-dispositive orders.  Fed. R.

Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The reviewing court must affirm the

magistrate judge's ruling unless the objecting party demonstrates that the

magistrate judge's ruling is "clearly erroneous" or "contrary to law."  28 U.S.C. §

636(b)(1)(A).  The "clearly erroneous" standard does not empower a reviewing

court to reverse a magistrate judge's finding because it would have decided the

matter differently.  *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-

74, 105 S. Ct. 1504 (1985).  Instead, the "clearly erroneous" standard is met when

5

despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

**B.     Analysis**

6

Plaintiff's Objections, filed on December 19, 2013, and responded to by Corizon on December 31, 2013, lack specificity.  (ECF Nos. 47, 50.)  Plaintiff merely indicates that he "does NOT agree with" the following: (1) "the decision of summary judgment for the MDOC defendants[,]" (2) "the PERSONAL CAPACITY Claims being dismissed[,]" (3) "Defendant CORIZON'S MOTION TO DISMISS, BREACH OF CONTRACT[,]" (4) Defendants MOTION TO DISMISS Fraud Claim[,]" (5) "Defendants MOTION TO DISMISS be granted[,]" and (6) Defendants MOTION TO DISMISS DELIBERATE INDIFFERENCE claim be granted."  (ECF No. 47.)  "[G]eneral objection[s] to a magistrate judge's report[ that] fail[] to specify the issues of contention[] do not suffice to preserve an issue for appeal." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)); *Cole v. Yukins*, 7. F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed in error" are too general).  As the Sixth Circuit explained in *Howard*:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. . . .  This duplication of time

and effort wastes judicial resources rather than saving them, and runs
contrary to the purposes of the Magistrates Act.

932 F.2d at 509.  As this authority suggests, Plaintiff's Objections are insufficient

and the Court therefore reviews the R&R pursuant to the clearly erroneous or

contrary to law standard.  28 U.S.C. § 636(b)(1)(A).

## 1.      *The MDOC Defendants' Motion for Summary Judgment*

In the R&R, Magistrate Judge Binder concludes that the MDOC Defendants

are entitled to summary judgment on the § 1983 claims brought against them in

their official capacities because such claims are barred by the Eleventh

Amendment.  (R&R 8.)  With respect to the individual capacity claims, Magistrate

Judge Binder concludes that Defendants Scutt, Russell, Jones, and Schad are

entitled to summary judgment because Plaintiff neglected to allege any conduct or

action by them that rises to the level necessary to state a civil rights claim.  (*Id.* at

9.)  More specifically, because the Complaint attributes no conduct to Jones,

dismissal is proper.  *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948

(2009) ("[A] plaintiff must plead that each Government-official defendant, through

the official's own individual actions, has violated the Constitution.")  With respect

to Defendants Schad and Russell, the Complaint suggests that they should be held

liable because of their involvement in reviewing Plaintiff's grievances.  Magistrate

Judge Binder recommends dismissal of these two defendants on the basis that the

mere denial of a prisoner's grievance states no claim of constitutional dimension.

8

(R&R 10 (citing *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003).)

Lastly, the Complaint seeks to hold Defendant Scutt, the former warden of the

facility, liable because she "knew" that Plaintiff "was being maltreated and failed

to act[.]" (ECF No. 1 at 33.) Because supervisory personnel cannot be held liable

under a theory of *respondeat superior* without some personal involvement,

Magistrate Judge Binder recommends dismissing Defendant Scutt. *See Rizzo v.

Goode*, 423 U.S. 362, 96 S. Ct. 598 (1978). Upon review of these conclusions, the

Court finds no error and therefore agrees with Magistrate Judge Binder's

conclusion that the Plaintiff's claims against the MDOC Defendants fail as a

matter of law. Accordingly, the Court grants the MDOC Defendants' Motion for

Summary Judgment.

**2.    *Corizon's Motion to Dismiss* [4]**

---

[4] Although Corizon labeled its motion as being brought pursuant to Federal
Rule of Civil Procedure 12(b)(6), Corizon filed an Answer to Plaintiff's Complaint
on August 5, 2013. (ECF No. 23.) Because the MDOC Defendants filed an
Answer to Plaintiff's Amended Complaint, a motion to dismiss pursuant to Federal
Rule of Civil Procedure 12(b)(6) is untimely. *See* Fed. R. Civ. P. 12(b) (explaining
that motions filed pursuant to the rule "must be made before pleading if a
responsive pleading is allowed"). Insofar as this Answer constitutes a "pleading"
as defined by Rule 7(a)(2), the proper motion to file would be a Rule 12(c) motion
for judgment on the pleadings. This technical defect is not fatal, however, as the
same standard of review governs motions filed under both Rule 12(b)(6) and Rule
12(c). *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001)
(citation omitted). Accordingly, the Court construes the MDOC Defendants' post-
answer motion to dismiss as a motion for judgment on the pleadings.

9

In the R&R, Magistrate Judge Binder also recommends granting Corizon's Motion to Dismiss.  With respect to the breach of contract claim, Magistrate Judge Binder points out that Plaintiff has no standing to bring such a claim as he was not a party to the contract and the contract specifically disclaims all third-party beneficiary rights.  (R&R 10-11.)  As it pertains to Plaintiff's allegations of fraud, Plaintiff alleged no specific misrepresentation on which he relied to his detriment. Accordingly, Plaintiff has failed to state a viable claim of fraud.  (*Id.* at 12.) Lastly, Magistrate Judge Binder concludes that a private corporation (such as Corizon) cannot be liable for deliberate indifference on the basis of *respondeat superior* or vicarious liability.  (*Id.* (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996).)  After analyzing the allegations in Plaintiff's Complaint, Magistrate Judge Binder explains this principle and indicates that Corizon cannot be held accountable for the alleged acts of two doctors because such conduct falls short of showing the existence of a policy or practice as caselaw requires.  (*Id.* at 13.)  Having reviewed the pleadings and the various motions and briefs filed in connection with this action, the Court agrees with the conclusions reached by Magistrate Judge Binder.  Accordingly, the Court grants Corizon's Motion to Dismiss.[5]

---

[5] Further, having reviewed the allegations made against the two doctors, the Court concludes that Plaintiff fails to state a claim of deliberate indifference against either Dr. Vemuri or Dr. Miles.  *See infra.*  Because it is well-settled that

3.     *Plaintiff's Motion for Summary Judgment*

As Magistrate Judge Binder explains in his R&R, having determined that both the MDOC Defendants and Corizon are entitled to dismissal, it necessarily follows that Plaintiff's Motion for Summary is denied.

4.     *Conclusion*

Having reviewed the R&R, the Court finds that the conclusions therein are wholly justified in fact and in law.  The Court, therefore, adopts the R&R's conclusions regarding the motions discussed above.  Further, the Court believes that Plaintiff's Complaint fails to state any viable claim against a still unidentified John Doe defendant and therefore dismisses Plaintiff's Complaint against Doe. The Court does not adopt the portion of the R&R dismissing Plaintiff's Complaint against Defendants Dr. Miles and Dr. Vemuri without prejudice because these defendants have responded to Plaintiff's Complaint since the issuance of the R&R. The Court now turns to these motions.

### III.   MOTIONS TO DISMISS

Defendant Dr. Miles seeks dismissal of Plaintiff's Complaint on the basis that (1) Plaintiff failed to exhaust his administrative remedies as required by 42

---

liability cannot arise under *Monell* without an underlying unconstitutional act, *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007), Plaintiff's failure to state a claim against the doctors precludes any possibility that Corizon can be held liable under § 1983.  This provides another justification for dismissing Plaintiff's § 1983 claim against Corizon.

U.S.C. § 1997e and (2) that Plaintiff's allegations concerning his medical treatment are insufficient to state a claim of deliberate indifference.[6]  Because the second argument is dispositive, the Court does not address the exhaustion argument.  Dr. Vemuri's Motion to Dismiss also sets forth several reasons this Court should dismiss Plaintiff's Complaint.  The Court, however, chooses to address only the argument that Plaintiff's deliberate indifference claim fails to state a claim upon which relief can be granted.

## A.    Standard of Review

A Rule 12(b)(6) motion allows a court to make an assessment as to whether a plaintiff's complaint states a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Put slightly differently, it is a procedural mechanism to test the sufficiency of a plaintiff's allegations.

As articulated by the Supreme Court of the United States, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S.

---

[6] Dr. Miles also presents arguments regarding Plaintiff's contract and fraud claims.  Because Dr. Miles was not a party to the contract Plaintiff alleges was breached and because Plaintiff's fraud claim fails for the reasons set forth in Magistrate Judge Binders R&R, the Court does not address these arguments.  To the extent that the contract and fraud claims are brought against Dr. Miles and/or Dr. Vemuri, the Court finds that the claims are insufficient as a matter of law and therefore dismisses them.

Ct. 1955, 1974 (2007)). This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965. Even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). In this regard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the conduct alleged in the complaint. *Id.* (citation omitted).

While courts are required to accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965, the presumption of truth does not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502

13

F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim *showing* that the pleader is entitled to relief[.]") (emphasis added).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted).

In conducting this analysis, courts may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *see also*

14

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (reaffirming rule of more liberal construction with *pro se* complaints less than two weeks after issuing *Twombly*). The leniency with which courts construe *pro se* plaintiffs' complaints, however, does not abrogate basic pleading requirements and *pro se* plaintiffs must provide more than bare assertions of legal conclusions to survive a motion to dismiss. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## B.    Governing Legal Standards

The Eighth Amendment embodies "'broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . .,' against which [courts] must evaluate penal measures." *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 290 (1976) (internal citation omitted). These principles give rise to a governmental "obligation to provide medical care for those whom it is punishing by incarceration." *Id.* at 103, 97 S. Ct. at 290; *see also Baker v. City of Detroit*, 217 F. App'x 491, 495 (6th Cir. 2007) (unpublished) ("The Supreme Court in *Deshaney* [*v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005 (1989)] recognized a line of cases 'stand[ing] . . . for the proposition that when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.'"). Such an obligation arises

15

because inmates "must rely on prison authorities to treat [their] medical needs; if the authorities fail to do so, those needs will not be met." *Estelle*, 429 U.S. at 103, 97 S. Ct. at 290. Even in non-life-threatening cases, "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.*

To sustain a § 1983 claim arising from the Eighth Amendment's prohibition against cruel and unusual punishment and based on inadequate medical treatment, Plaintiff must demonstrate that Dr. Miles and Dr. Vemuri acted with deliberate indifference to his serious medical needs in diagnosing or treating him. *See, e.g.*, *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Deliberate indifference claims consist of two components, one objective and the other subjective. "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)). The objective component requires proof that "a substantial risk to [the prisoner's] health or safety existed." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 571 (6th Cir. 2013). The subjective component requires proof that (1) "the official being sued subjectively perceived facts from which to infer substantial risk to the [prisoner],"

16

(2) the official "did in fact draw that inference," and (3) the official "then disregarded that risk." *Quigley*, 707 F.3d at 681 (internal quotations omitted).

While deliberate indifference entails something more than mere negligence or even gross negligence, the standard is satisfied by something less than acts or omissions for the purpose of causing harm or with knowledge that harm will result. *Farmer v. Brennan*, 511 U.S. 825, 835-36, 114 S. Ct. 1970, 1978 (1994); *see also Wright v. Taylor*, 79 F. App'x 829, 831 (6th Cir. 2003). In short, "[d]eliberate indifference is the reckless disregard of a substantial risk of serious harm[.]" *Wright*, 79 F. App'x at 831 (citation omitted); *accord Farmer*, 511 U.S. at 836-38, 114 S. Ct. at 1978-79 (equating "deliberate indifference" to the "recklessness" standard under criminal, not civil, law).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The Sixth Circuit acknowledges that "[a] claim of inadequate medical treatment[,]" as opposed to a claim of a complete denial of medical treatment, "may state a constitutional claim" but cautions that such claims are generally limited to situations where "the treatment rendered is 'so woefully inadequate as to amount to no treatment at all.'"

*Clark v. Corrs. Corp. of Am.*, 98 F. App'x 413, 416 (unpublished) (citing *Westlake*, 537 F.2d at 860-61).

## C.     Dr. Miles

In this case, Plaintiff's Complaint states that Dr. Miles "did not order recommended MRI as indicated prior to my incarceration[.]" (ECF No. 1 at 34.) The Complaint also indicates that Dr. Miles was aware of Plaintiff's suffering because Plaintiff told him and also sent many medical kits. (*Id.*) These allegations are insufficient to demonstrate deliberate indifference.

In *Durham v. Nu'Man*, 97 F.3d 862 (6th Cir. 1996), prison medical providers failed to diagnose plaintiff's broken arm and he subsequently brought suit alleging deliberate indifference. The Sixth Circuit agreed with the lower court that a broken arm constituted a serious medical condition and that the plaintiff had therefore satisfied the objective component of the deliberate indifference framework. *Id.* at 869. Moving to the subjective component, the court noted that there was a complete lack of evidence tending to show reckless disregard and pointed to the fact that the plaintiff had received medical attention from the health facility staff soon after his injury occurred. *Id.* As a result, the Sixth Circuit determined that the plaintiff's "complaints [went] to the adequacy of the medical care; they [did] not raise an issue of unnecessary and wanton infliction of pain as

18

required under *Estelle*." In conclusion, the court held that the plaintiff had failed to demonstrate deliberate indifference. *Id.*

In the portion of Plaintiff's Complaint entitled "Denial of Proper MRI to Determine Cause of Injury," Plaintiff alleges that a radiology report dated March 11, 2011, interpreting a series of shoulder x-rays ordered by Dr. Miles, shows that Plaintiff had "A PROBLEM that need[ed] to be addressed," but that Plaintiff's complaints were ignored. (ECF No. 1 at 30.) Similar to the plaintiff in *Nu'Man*, these allegations indisputably show that Plaintiff received some medical treatment: he saw Dr. Miles, voiced his concerns, and Dr. Miles ordered x-rays. That Plaintiff did not receive the treatment he desired does not mean that Dr. Miles violated the Eighth Amendment. *See, e.g.*, *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (indicating that even if treatment is furnished "carelessly or inefficaciously," such treatment does not mean the medical provider "displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation"); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) ("[A] complaint that [medical personnel have] been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Further, that Dr. Miles's opinion regarding the necessity of an MRI differed from a doctor Plaintiff saw prior to his incarceration does not render the failure to order an MRI deliberately

19

indifferent.  *Reid v. Sapp*, 84 F. App'x 550, 552 (6th Cir. 2003) ("[A] difference in medical opinion does not give rise to an Eighth Amendment claim of cruel and unusual punishment.").

On the basis of the authority discussed above, the Court finds that Plaintiff's Complaint fails to state an actionable claim of deliberate indifference against Dr. Miles.  Accordingly, the Court grants Dr. Miles's Motion to Dismiss and dismisses Plaintiff's Complaint against him with prejudice.

## D.   Dr. Vemuri

Plaintiff's Complaint alleges that Dr. Vemuri was deliberately indifferent to Plaintiff's serious medical needs because she changed his pain medications and did not properly reduce the dosages of the medications prior to changing them.  (ECF No. 1 at 28.)  As with the claim against Dr. Miles, Plaintiff's allegations do not state a claim of deliberate indifference.  Plaintiff received medical attention from Dr. Vemuri.  That Plaintiff was dissatisfied with the course of treatment does not mean that Dr. Vemuri violated Plaintiff's constitutionally-protected rights.  *Cf. Westlake*, 537 F.2d at 860 n.5 ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").  Accordingly, the Court grants Dr. Vemuri's Motion to Dismiss.

20

## IV.   CONCLUSION AND ORDER

For the reasons stated herein, the Court adopts Magistrate Judge Binder's R&R with respect to the MDOC Defendants' Motion for Summary Judgment, Corizon's Motion to Dismiss, and Plaintiff's Motion for Summary Judgment.  It does not adopt the portion of the R&R suggesting that this Court dismiss Plaintiff's Complaint against Defendants Dr. Miles and Dr. Vemuri without prejudice because these defendants have responded to Plaintiff's Complaint since the issuance of the R&R.

Accordingly,

**IT IS ORDERED** that the MDOC Defendants' Amended Motion for Summary Judgment (ECF No. 27) is **GRANTED** and that the original Motion for Summary Judgment (ECF No. 25) is **TERMINATED**;

**IT IS FURTHER ORDERED** that Corizon's Motion to Dismiss (ECF No. 35) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 29) is **DENIED**;

**IT IS FURTHER ORDERED** that Dr. Miles's Motion to Dismiss (ECF No. 49) is **GRANTED**;

**IT IS FURTHER ORDERED** that Dr. Vemuri's Motion to Dismiss (ECF No. 52) is **GRANTED**;

21

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is

**DISMISSED WITH PREJUDICE**.

Date:

_____
PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Theodore Novak**
605 N Saginaw Street, Suite 2
Flint, MI 48502

**Kimberley A. Koester, Esq.**
**Ronald W. Chapman, Esq.**
**Robert J. Jenkins, A.A.G.**
**Magistrate Judge Charles E. Binder**